IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALTON L. GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CV-284-TCK-JFJ |
| ) | |
| GIL DUPONT, Lieutenant, and ) | |
| CHARLIE CARTWRIGHT, Captain, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On May 24, 2018, Plaintiff, a state pretrial detainee appearing *pro se,* filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff challenges his conditions of confinement at the Osage County Detention Center. For the reasons discussed below, the Court will dismiss the complaint for failing to state a cognizable claim and grant leave to file an amended complaint.

**I.** *In Forma Pauperis* **Motion**

As an initial matter, Plaintiff seeks to prosecute his claims without prepaying the $400 fee for this civil action.[1] *See* Dkt. 2. Plaintiff's financial information reflects he lacks sufficient funds to prepay the filing fee. Accordingly, the Court will grant the motion, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Pursuant to § 1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

Within thirty days of the entry of this Order, Plaintiff shall make an initial partial payment of **$19.56**, which represents 20 percent of the greater of: (1) the average monthly deposits, or (2)

---

[1] The $400 civil fee consists of a $350 filing fee and a $50 administrative fee. *See* 28 U.S.C. § 1914; District Court Miscellaneous Fee Schedule, ¶ 14.

average monthly balance in Plaintiff's inmate account(s) for the six-month period preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1). Plaintiff is advised that unless he timely makes the initial partial payment or shows cause in writing for the failure to comply, this action may be dismissed without prejudice.

After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of $350. *See id*. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. *Id.* Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action. Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments will be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**II. Screening/Dismissal Standards**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint

must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so …." *Id.* However, the Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do.") (quotations and citations omitted)). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III. Complaint Fails to State a Cognizable Claim**

Plaintiff asserts three causes of action under § 1983. He contends prison officials: (1) "denied proper medical attention which has led to infection and unneeded pain and suffering;" (2) withheld his mail "without warrant or cause;" and (3) "denied proper hygiene for oral and dental care." *Id.* at 2. The Complaint names two defendants: OCDC Lieutenant Gil Dupont and OCDC Captain Charlie Cartwright. *Id.* at 1. In his prayer for relief, Plaintiff asks the Court to direct the prison to provide proper medical care and hygiene products. *Id.* at 3. He also seeks unspecified money damages for "unneeded pain and suffering." *Id.*

For the reasons below, each count fails to state a claim upon which relief can be granted.

**a. Counts I – III: Insufficient Link Between Allegations and Defendants**

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. In addition, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

4

All three counts fail to meet this standard with respect to the named Defendants, Dupont and Cartwright. Plaintiff's allegations refer to a "Lieutenant and Jail administrator" but do not specifically identify Dupont or Cartwright. Dkt. 1 at 4-5. Further, even if the officers were specifically identified, Plaintiff fails describe how they were personally involved in the alleged constitutional deprivation. At most, Plaintiff alleges "the Lieutenant and Jail administrator are not doing" anything "to help [his] medical situation," Dkt. 1 at 4, and that a Lieutenant stated mail can be withheld for disciplinary reasons, and without notice. *See* Dkt. 1 at 5. These allegations provide no indication about whether Plaintiff reported his medical issues to Dupont or Cartwright, whether they personally withheld any mail, or whether they are involved in the jail's dental care. The Complaint is therefore subject to dismissal for failure to state a claim, notwithstanding the additional explanation supplied below.

**b. Counts I and III: Inadequate Medical and Dental Care**

Counts I and III focus on OCDC's alleged failure to provide adequate medical and dental care. To support Count I, Plaintiff alleges he arrived at OCDC on May 4, 2017 with an infected toenail. *See* Dkt. 1 at 4. He allegedly reported the issue but did not receive treatment for about four months. *Id.* Plaintiff finally visited the jail's nurse practitioner, who was initially unable to remove the toenail. *Id.* The nurse practitioner offered to try again, but Plaintiff insisted on seeing a doctor. *Id.* Plaintiff alleges he is still waiting to be seen and is experiencing a great deal of pain. *Id.*

To support Count III, Plaintiff alleges OCDC does not sell toothpaste in the commissary because inmates misuse the product. *See* Dkt. 1 at 4. Instead, the jail provides inmates with three pre-pasted toothbrushes every three to four days. *Id.* Plaintiff alleges this only allows him to

brush his teeth once a day, which is inconsistent with his dentist's recommendation. *Id.* He further alleges he has done nothing to lose his rights to oral hygiene products. *Id.*

It appears that Plaintiff was a pretrial detainee at the time of the incident giving rise to the claim of inadequate medical care. Nevertheless, the same standard governing convicted prisoners applies to his Count I claim.[2] *See, e.g., Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). A pretrial detainee's right to receive adequate medical care is protected by the Due Process Clause of the Fourteenth Amendment. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.6 (10th Cir. 2001); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Under the Fourteenth Amendment due process clause, "pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). In the Eighth Amendment context, the adequacy of dental care is analyzed under the umbrella of medical care. *See Sayed v. Broman,* 638 Fed. App'x 698, 699 (10th Cir. Jan. 5, 2016) (unpublished) (applying the medical/deliberate indifference standard to claims pertaining to dental hygiene).

---

[2] The Court notes that the Supreme Court has ruled that a pretrial detainee's excessive force claim brought pursuant to the Due Process Clause is governed by an objective standard and differentiated review of that claim from one brought by a convicted prisoner. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The Kingsley decision did not address the standard applicable to a pretrial detainee's denial of medical care claim and, therefore, the Court follows existing Tenth Circuit precedent as to the appropriate standard governing an inadequate medical care claim.

To assert an Eighth Amendment claim, a plaintiff must satisfy a two-prong test – an objective component showing that the deprivation suffered or the conduct challenged was "objectively sufficiently serious," and a subjective component showing that the defendant had a sufficiently culpable state of mind or was "deliberately indifferent" to the inmate's safety. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Estate of Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Garcia*, 768 F.2d at 307. The objective element is satisfied "if the condition has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine*, 241 F.3d at 1276 (internal quotations omitted). "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 827; *Estelle*, 429 U.S. at 104-05; *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The Supreme Court has cautioned that "an inadvertent failure to provide adequate medical care" does not rise to a constitutional violation. *Estelle*, 429 U.S. at 105-06. Furthermore, "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Oxendine*, 241 F.3d at 1276 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim. *McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

In this case, there is no indication that the delay in treatment for Plaintiff's ingrown or infected toenail resulted in a substantial risk of serious harm. *See, e.g., Hess v. Tulsa County Sheriff's Office,* 2008 WL 4682202, * 4 (N.D. Okla. Oct. 22, 2008) (finding "an ingrown toenail is not sufficiently serious to satisfy the objective component of the deliberate indifference standard"); *Patterson v. Kim*, 2009 WL 2982753, at *8 (W.D. Mich. Sep. 14, 2009) ("Plaintiff's alleged ingrown toenail and foot fungus are not 'serious medical needs' sufficient to support the objective component of an Eighth Amendment claim"). Further, Plaintiff's allegations that prison officials declined to act on his complaints are insufficient to show subjective intent. Plaintiff has presented no facts suggesting his medical needs could not be met by returning to the nurse practitioner. As this Court previously observed, an inmate "has no right to demand attention by a physician [instead of a nurse] based solely upon his opinion regarding what he requires." *Hess,* 2008 WL 4682202 at * 4. Count I therefore fails to state a cognizable claim for deliberate indifference to medical needs.

With respect to Count III, Plaintiff has failed to demonstrate that using the same pre-pasted toothbrush twice in one day poses a substantial risk of harm. In fact, under Tenth Circuit law, the failure to address ongoing dental issues and provide timely teeth cleanings may not even rise to the level of an Eighth Amendment violation. *See Sayed v. Broman*, 638 Fed. Appx. 698 (10th Cir. Jan. 5, 2016), *cert. denied*, 136 S. Ct. 1670 (2016). And, even if Plaintiff's allegations satisfied the objective prong, there are no facts pertaining to subjective intent or identifying any wrongdoer. Count III must also be dismissed.

### c. Count II: Interference with Prison Mail

Count II pertains to Plaintiff's delayed or undelivered mail. He alleges prison officials withheld his mail "several times … without any reason" and that his mail sometimes arrives two

weeks late. *See* Dkt. 1 at 4. On at least one occasion, Plaintiff alleges his mail "was just sitting in the tower by the staff." *Id.* Plaintiff filed grievances with a Lieutenant and a Jail administrator. *Id.* The Lieutenant stated mail can be withheld for disciplinary reasons and that the prison is not required to notify Plaintiff about the process. *Id.*

Inmates have First and Fourteenth Amendment interests in sending and receiving mail. *See Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir.1996). However, "[b]rief delays in mailing" do not amount to a constitutional violation. *Gee v. Pacheco,* 627 F.3d 1178, 1190 (10th Cir.2010). And, "in the case of unprivileged incoming and outgoing prison mail, regulation by prison officials is 'essentially an administrative matter in which the courts will not intervene.'" *United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir.1999) (quoting *Wilkerson v. Warden of U.S. Reformatory, El Reno*, 465 F.2d 956 (10th Cir.1972). "Prisons may restrict an inmate's right to receive mail for concerns reasonably related to legitimate penological interests," including to "deter[] crime." *Cleveland v. Harvanek,* 607 Fed. App'x 770, 77 (10th Cir. April 13, 2015) (citing *Thornburgh v. Abbott*, 490 U.S. 401(1989)). Privileged mail, such as correspondence with … the prisoner's attorney, for certain purposes, triggers a narrow exception. *See LeVier v. Woodson*, 443 F.2d 360 (10th Cir.1971). Prisoners have greater rights with respect to legal mail, but prison officials are nevertheless entitled to open and inspect a prisoner's legal mail for contraband, so long as the inspection occurs in the inmate's presence and the mail is not read. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974).

In this case, it does not appear that Plaintiff is entirely unable to receive mail, nor does he allege prison officials are interfering with privileged or legal mail. Instead, Plaintiff appears frustrated that his mail is being delayed for several weeks. However, under Tenth Circuit law, a two to three week delay in mail delivery is insufficient to state a constitutional claim, in the

absence of some improper motive. *See Bruscino v. Pugh*, 232 Fed. App'x 763, 766 (10th Cir. 2007) (noting a three-week delay in mail delivery, without any indication of improper motive, does not rise to the level of a constitutional violation). Plaintiff has not alleged any improper motive or even indicated who is withholding his mail. Therefore, Count II fails to state a claim upon which relief can be granted, and the Court will dismiss the Complaint.

## IV. Opportunity to Amend

The Tenth Circuit has counseled that *pro se* litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend the complaint should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In other words, "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson*, 907 F.2d at 126.

Applying this standard, the Court will dismiss the Complaint without prejudice, but permit Plaintiff to file an amended complaint to cure the deficiencies identified herein. Plaintiff is cautioned to state specifically how and when each named defendant allegedly violated his constitutional rights. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court will dismiss the case without further notice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is **granted.**
2. No later than **July 16, 2018,** Plaintiff shall submit an initial partial payment of **$19.56**, or show cause in writing for his failure to pay. Failure to comply with the

payment directive will result in dismissal of the action without prejudice and without further notice.

3. Plaintiff's Complaint (Dkt. 1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted.

4. Plaintiff may file an amended complaint no later than **July 16, 2018,** curing the deficiencies identified herein.

5. If Plaintiff declines to file an amended complaint by the specified deadline, or files another deficient complaint, this action will be dismissed for failure to state a claim upon which relief may be granted.

6. The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01), marked "Amended" and identified as **Case No. 18-CV-284-TCK-JFJ**

**DATED** this 8th day of June, 2018.

**TERENCE C. KERN**
**United States District Judge**