IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DALTON L. GARRETT, )
)
          Plaintiff, )
)
v. ) Case No. 18-CV-284-TCK-JFJ
)
GIL DUPONT, Lieutenant, and )
CHARLIE CARTWRIGHT, Captain, )
)
          Defendants. )

## OPINION AND ORDER

On May 24, 2018, Plaintiff, a state pretrial detainee appearing *pro se,* filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff challenges his conditions of confinement at the Osage County Detention Center. He contends prison officials: (1) "denied proper medical attention which has led to infection and unneeded pain and suffering;" (2) withheld his mail "without warrant or cause;" and (3) "denied proper hygiene for oral and dental care." Dkt. # 1 at 2. The Complaint names two defendants: OCDC Lieutenant Gil Dupont and OCDC Captain Charlie Cartwright. *Id.* at 1. In his prayer for relief, Plaintiff asks the Court to direct the prison to provide proper medical care and dental hygiene products. *Id.* at 3. He also seeks unspecified money damages for "unneeded pain and suffering." *Id.*

By an Opinion and Order entered June 8, 2018 (Dkt. # 3), the Court granted the *in forma pauperis* motion, assessed an initial partial payment of $19.56, and dismissed the Complaint pursuant to 28 U.S.C. § 1915 for failure to state a cognizable claim. The Court found the Complaint failed to describe how each Defendant was personally involved in the alleged constitutional deprivation. *See Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008)

(emphasis in the original).  Further, the allegations regarding inadequate medical and dental care failed to demonstrate a substantial risk of harm or substantive intent.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Estate of Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994).  Finally, the Court noted that Plaintiff's bare allegations regarding delayed mail were insufficient to state a due process claim.  *See Gee v. Pacheco,* 627 F.3d 1178, 1190 (10th Cir. 2010).

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given until July 16, 2018 to amend his complaint.  The Opinion and Order provided detailed guidance about what the amended complaint must allege to survive initial review.  It also set a deadline of July 16, 2018 to submit the initial partial payment or show cause in writing for the failure to do so.  The Court warned that the failure to timely amend or pay the filing fee would result in dismissal of this case without further notice.  Plaintiff has not responded to the Opinion and Order or otherwise shown cause for his failure to comply.  The Court will therefore dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. This civil rights action is dismissed without prejudice under Fed. R. Civ. P. 41(b).
2. The Court will enter a separate judgment disposing of the case

**DATED** this 9th day of August, 2018.

_____
**TERENCE KERN**
**United States District Judge**